## Case No. 10,807.

PATRIOTIC BANK v. COOTE et al.

[3 Cranch, C. C. 169.] [1]

Circuit Court, District of Columbia. May Term, 1827.

WITNESS — DEFENDANT IN ACTION — RELEASED FROM OBLIGATION — IMPEACHMENT — GENERAL REPUTATION FOR VERACITY — PARTNERSHIP — CHECK.

1. One of the defendants, if released by the plaintiff, may, if willing, be sworn and examined as a witness for the plaintiff.

2. The defendants were not permitted to give secondary evidence of the contents of a check, without first showing that the original check was not in their power.

3. When a witness is produced to testify as to the credibility of another witness, the proper questions, to be put to the witness, are, "Do you know the common reputation of the witness for veracity, among the generality of his acquaintance? From your knowledge of his general reputation for veracity, would you believe him on his oath?"

4. The witness is not to be asked who were the persons he had heard say that the general reputation of the witness for veracity was not good.

5. The fact to be ascertained is the common repute as to truth.

[Cited in Fletcher v. State, 49 Ind. 133.]

6. If a check upon a bank be drawn in the name of one of a firm only, it cannot be charged to the firm, unless drawn by authority of the firm, although used and applied in the business of the firm, and the promise of one partner, individually, to make good an overdraft, does not bind the firm.

7. The burden of proof is on the creditor to show that the individual partner had authority to bind the firm by acts in his own name.

Assumpsit, for overdraft by defendants, $150.

The plaintiffs having released Mr. Coote, one of the defendants, from all actions and demands, except jointly with the other defendant, Mr. Jones offered him as a witness.

Mr. Wallach, for plaintiffs, cited Consequa v. Willing, 1 Pet. [26 U. S.] 305; Wise v. Bowen [Case No. 17,905], in replevin in this court, in 1821, where Bowen, the defendant, was examined as a witness; Gaither v. Farmers' & Mechanics' Bank of Georgetown, in this court, in December, 1824 (not reported), where Nicholls, a stockholder in the bank, was examined as a witness.

Mr. Jones, for defendant Jones, referred to the case of Warner v. McCloud, in this court,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

at Alexandria (of which case there is no report); Piles v. Plum [Case No. 11,165]; and Johnson v. Chapman [Id. 7,378], in this court, at Alexandria; Nicholson v. Patton [Id. 10,-250], in Alexandria; and Forrest v. Van Ness & Crossfield, in Washington (not reported); 1 Phil. Ev. 60; Norden v. Williamson, 1 Taunt. 378; Starkie, Ev. pt. 4, 706, 1063, &c.; Dixon v. Waters [Case No. 3,936], in this court, at Washington, December, 1824.

Mr. Wallach and Mr. Key, in reply, cited 1 Phil. Ev. 63, and Patton v. Janney [Case No. 10,836], at Alexandria.

THE COURT (nem. con.) permitted Mr. Coote to be sworn, he being willing. The plaintiffs gave in evidence an account, which had been admitted by Mr. Coote to be correct, and proved that the checks and vouchers of the account had been delivered to the defendant Jones, and having called upon him to produce them in court, at the trial, rested their case upon that evidence.

The defendant's counsel, in cross-examining one of the plaintiffs' witnesses, Mr. Carr, who was an officer in the bank, asked him whether a certain check, constituting one of the items of that account, was drawn by Mr. Coote in the name of the firm. The plaintiffs' counsel objected that the defendant could not give secondary evidence of the contents of that check, without first showing that the original check was not in his power.

THE COURT (MORSELL, Circuit Judge, contra,) was of that opinion; and that the plaintiffs' evidence was not to be considered as secondary.

Mr. Shanks was called as a witness to the reputation of Mr. Coote for veracity.

THE COURT said that the proper questions to be put to the witness were:—"Do you know the common reputation of Mr. Coote for veracity, among the generality of his acquaintance?" "From your knowledge of his general reputation for veracity, would you believe him upon his oath?" Starkie, Ev. pt. 2, p. 146, and note 1.

A witness having testified that he had heard several persons of Mr. Coote's acquaintance say that his reputation for veracity was not good, Mr. Key, for the plaintiffs, asked him who those persons were; but the witness declined answering, unless ordered by the court.

THE COURT (MORSELL, Circuit Judge, contra,) thought he was not bound to answer; and said that the fact to be ascertained was, the common repute of Mr. Coote, among his acquaintance, as to veracity; and that if the witness is bound to state the names of those who had impeached the credit of Mr. Coote, it might lead to an almost endless inquiry; and to the same evils which would result from permitting evidence to be given of particular acts of turpitude, to impeach the character of a witness.

THE COURT (nem. con.) at the prayer of the defendant's counsel, instructed the jury, "that if they should find, from the evidence, that the overdraft claimed by the plaintiffs in this cause was produced by charging, in the account of C. T. Coote & Co. in the said bank, a check or checks drawn in the sole and individual name of C. T. Coote, the plaintiffs are not entitled to recover for such overdraft in this action, unless it appears that such checks were drawn upon the credit, and by the authority of the firm; notwithstanding it may appear to the jury that some of the moneys, credited in the said account to the firm, were originally noted in the rough memorandum-book, called 'the scratch,' as deposited by C. T. Coote, without naming the firm, and were afterwards carried to the credit of the firm in the said account; and notwithstanding the jury should believe the evidence offered on the part of the plaintiffs, that the money paid on such checks was used and applied by the said C. T. Coote in the business and concerns of the said firm; and that, under such circumstances, the promise of the said C. T. Coote, to make good such overdraft, does not bind the said firm of C. T. Coote & Co. That the said checks are prima facie evidence that the same were drawn on the individual account and credit of Coote alone; and that the burden of proof is on the plaintiffs, to show that he was authorized by the firm to draw the said checks."

And THE COURT also (nem. con.) instructed the jury, at the prayer of the plaintiffs' counsel, as follows:—"But if the jury should believe, from the evidence, that the said $300 were drawn by the check of C. T. Coote, by him, from the partnership funds in the Patriotic Bank, with the view of transferring so much of the partnership funds from that bank to the United States Bank, and that he did thereby so transfer the same, and deposit the same, to the credit of the firm, in the said United States Bank, then the defendants are chargeable with the amount of said check."

Verdict for plaintiffs, $150 and interest.